Barret J. BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10334.

Court of Appeals of Alaska.

Dec. 11, 2009.

David B. Loutrel, Anchorage, for the Appellant.

Joshua M. Kindred, Assistant District Attorney, Adrienne P. Bachman, District Attorney, Anchorage, and Richard A. Svobodny, Acting Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## *OPINION*

BOLGER, Judge.

Barret J. Brown was convicted of misdemeanor driving while under the influence[1] and minor in possession.[2] On appeal, he claims that the district court erred when it denied his motion to dismiss the charges because his right to a speedy trial under Alaska Criminal Rule 45 was violated. For the reasons explained here, we agree with Brown and reverse the judgment of the district court.

### *Facts and Proceedings*

Sand Point is a rural community that does not have a sitting district or superior court judge. Consequently, Valdez District Court Judge Daniel Schally travels periodically to Sand Point to handle misdemeanor criminal cases. For at least three years before January 2008, Sand Point's misdemeanor criminal trial weeks were calendared for every two months. In other words, Judge Schally would preside over criminal cases in Sand Point six times a year. In Brown's case, the trial weeks were calendared in June, August, October, December, and February.

On March 24, 2007, in Sand Point, Brown was charged with being a minor in possession of alcohol. A few days later, on March 30, based on the same incident, he was also charged with driving while under the influence. Judge Schally set the case for trial the

week of June 4, 2007, in Sand Point. In April, Brown retained an attorney who, on April 17, requested that the case be continued until the October trial week. The motion was granted and the trial was continued until the week of October 8. This time was excluded from the Rule 45 calculation. Neither Brown nor the State requested any other continuances, nor did Brown agree to toll Rule 45 for any delay after the week of October 8.

At the October 4 trial call, both parties said they were ready for trial. But another trial was scheduled for that week, so Brown's case was set over to the week of December 3. At the November 27 trial call, the parties again said that they were ready for trial. But again there was another trial scheduled that had priority over Brown's. The same case that had been scheduled for October had been rescheduled for the December calendar because Judge Schally had been unable to empanel a jury in October.

Judge Schally acknowledged that Brown's case had a Rule 45 issue, but explained that under *Wolfe v. State,*[3] he believed the delay would be excluded because he would be unavailable to preside over Brown's trial until the next scheduled travel calendar. Brown objected to Judge Schally's suggestion that the time after the October trial calendar was excluded. But the other trial consumed the week of December 3, so Brown's case was set over for trial the week of February 4, 2008.

At the January 29, 2008 trial call, Brown moved to dismiss the case on Rule 45 grounds. Judge Schally denied the motion. He ruled that under Rule 45(d)(2), the delay in getting the case to trial was attributable to Brown's April 2007 request for a continuance.

Brown was convicted of the two charges. Brown now appeals, claiming that more than 120 non-excludable days had elapsed between the time he was charged and before January 29, 2008, when he moved to dismiss.

---

1. AS 28.35.030.

2. AS 04.16.050(a) & (b).

3. 24 P.3d 1252 (Alaska App.2001).

### Brown Was Not Responsible for the Delay after the October Trial Calendar

As already explained, for at least three years before January 2008, Sand Point's criminal trial weeks were calendared for every two months. Consequently, when a defendant continued a case from one trial week, the defendant knew or should have known that the next opportunity for trial was two months away. In *Wolfe v. State*, we ruled that under these circumstances, the Rule 45 clock generally will toll until the next normally calendared trial week.[4]

*Wolfe*, like the instant case, involved a small Alaska town that was served by a visiting judge. The defendant in *Wolfe* had filed a motion to delay his trial until after May 14 because his attorney would be out of the country until then.[5] Eight days after Wolfe's motion, the superior court granted his motion and rescheduled the trial for June 23.[6] Wolfe did not object to this trial date until he arrived in court on the day of trial, ten weeks later.[7] Wolfe then claimed that Rule 45 had already expired.[8] The superior court disagreed.

On appeal, Wolfe again argued that Rule 45 had expired before the date of trial, but we upheld the superior court's decision because Rule 45(d)(2) excludes all delay "resulting from" a defense request for a continuance of trial.[9] We upheld the trial court because "[t]he venue for Wolfe's trial was Homer. Wolfe's trial judge, Judge Brown, resided in Kenai and made only monthly trips to Homer—and he was unavailable to visit Homer during the normally scheduled week in May." [10] As a result, the next possible trial date was in June. Based on these circumstances, we agreed with Judge Brown's reasoning:

> When you file a motion for continuance, ... the court has to re-calendar the case. And you may be available at a certain time, but that does not mean that [the parties] and other counsel are. So any time we depart from [the date] that the case was originally scheduled, you run into complications.[11]

Consequently, we found that there was no Rule 45 violation.[12]

Admittedly, the language in *Wolfe* that we agreed with—"any time we depart from [the date] that the case was originally scheduled, you run into complications"—is broad. But unlike *Wolfe*, Brown's continuance was not the proximate cause for scheduling the trial after the October trial calendar. In Brown's case, it was unreasonable to attribute Brown's one request for a continuance, made soon after the clock began to run, as the reason for later postponing the trial for an additional four months.

Judge Schally properly excluded the period of time required by Brown's request for a continuance until the second week of October, but Brown's April request for a continuance was not the legal reason for the additional delay from October to February. Although Rule 45(d)(2) excludes the delay "resulting from" a defense request for a continuance, we conclude that under this subsection, trial courts may not repeatedly exclude additional time from the Rule 45 calculation solely because the defendant has at an earlier time requested a continuance.

### Conclusion

The district court's judgment is REVERSED. The district court shall vacate the convictions and enter dismissals in accordance with Criminal Rule 45(g).

4.  *Id.* at 1254–55.

5.  *Id.* at 1254.

6.  *Id.*

7.  *Id.*

8.  *Id.*

9.  *Id.*

10.  *Id.* at 1254–55.

11.  *Id.* at 1255 (alterations in *Wolfe* ).

12.  *Id.*